UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

CHARLES WADE, on behalf of
himself and those similarly situated

    Plaintiff,

vs.

CASE NO.: 17-CV-5529

WORLDWIDE LABOR SUPPORT
OF ILLINOIS, INC., and
WAYNE A. COOK, JR., Individually

    Defendants.

_____/

## COMPLAINT and DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

COMES NOW Plaintiff, Charles Wade, on behalf of himself and those similarly situated (collectively "Plaintiffs"), and files this action against Defendants Worldwide Labor Support of Illinois, Inc. (alternatively "Worldwide Labor") and Wayne A. Cook, Jr. (alternatively "Cook"), individually (collectively "Defendants") for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## NATURE OF SUIT

1.    The FLSA was passed by Congress in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of

living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought by Plaintiff under the FLSA to recover overtime compensation, liquidated damages and reasonable attorneys' fees and costs from Defendants.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq*. to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

6. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since Plaintiff is a resident of the State of Louisiana and Defendants are licensed to do business and operate their business in the State of Louisiana.

## PARTIES

8. Plaintiff, Charles Wade, is an individual residing at 20 Tulip Drive, Gretna, Louisiana 70053. Plaintiff was employed as a welder with Worldwide Labor of Illinois, Inc., from approximately July 1, 2011 through April 23, 2016. Plaintiff's work was directed and

controlled by the Defendants and its employees.

9. Defendant Worldwide Labor is a business incorporated under the laws of Illinois, licensed to do and doing business in the State of Louisiana, with offices in Baton Rouge, Louisiana, Pascagoula, Mississippi and Chicago, Illinois. Worldwide Labor may be served through its registered agent CT Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

10. According to filings with the Secretary of State, Wayne A. Cook, Jr., is President, Director and Secretary of Worldwide Labor. According to Worldwide Labor's, website, Cook exercises operational control and is involved in the daily operations of Worldwide Labor, including welding, project estimates, quality control, contract negotiations, and employee benefits. The work of the Plaintiff was directed and controlled by the Defendants Worldwide Labor, Cook, and their employees.

## COVERAGE

11. At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

12. At all material times hereto, Defendant, Worldwide Labor was an "employer" within the meaning of the FLSA.

13. At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14. At all material times hereto, Defendant, Worldwide Labor was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15. At all material times hereto, Defendant, Worldwide Labor was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

16. At all material times hereto, Defendant, Worldwide Labor, employed two (2) or more employees engaged in interstate commerce and that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

17. At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d. Communicated across state lines; and/or

    e. Performed work essential to any of the preceding activities.

18. At all material times hereto, the work performed by Plaintiff was directly essential to the operations performed by Defendants.

19. At all material times hereto, Defendant, Worldwide Labor failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

20. Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21. Upon information and belief, a complete set of records, to the extent that any exist,

concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

22. At all material times hereto, Wayne A. Cook, Jr. operated and managed Worldwide Labor, and regularly exercised the authority to: (a) hire and fire employees of Worldwide Labor; (b) determine the work schedules for the employees of Worldwide Labor; and (c) control the finances and operations of Worldwide Labor by virtue of having regularly exercised that authority on behalf of Worldwide Labor, Wayne A. Cook is an employer as defined by 29 U.S.C. §201, *et seq*.

## FACTUAL ALLEGATIONS

23. Defendant Worldwide Labor Support of Illinois, Inc., is a privately held corporation which supplies a variety of skilled craftsmen to support ongoing projects in Mississippi and Illinois. In particular, Worldwide Labor subcontracts with various shipyards and other marine and industrial companies to provide the services of structural welders, ship fitters, pipe welders, pipefitters, electricians, and outside machinists.

24. Plaintiff, Charles Wade, was employed as a welder for the Defendants, from approximately July 1, 2000 through April 23, 2016. Plaintiff regularly worked overtime for the Defendants.

25. Defendants advertised and offered Plaintiff, Charles Wade, hourly wages of approximately $18.00 per hour plus per diem of $80.00 per day; however, this was not what his paychecks reflected. His "per diem" amount and "hourly wage" would change periodically and was sometimes based on the number of hours worked per day.

26. The named Plaintiff is situated similarly to a number of current and former employees of the Defendants who work or have worked in similar non-exempt positions during the three (3) years immediately preceding the filing of this lawsuit.

27.     The unnamed Plaintiffs have the same or closely similar job duties as the named Plaintiff and all Plaintiffs who were paid by the Defendants in the same or similar manner in violation of the FLSA.  Accordingly, the named Plaintiff is a representative of all Plaintiffs employed by the Defendants and subjected to the common policy, plan and design intended to violate the FLSA.

28.     Based upon Defendants' uniform practice and pay system, the Named Plaintiff and putative Plaintiffs worked hours in excess of forty (40) per week and were not paid overtime based upon one and one half times their regular rate of pay, which "regular rate" should have included all hourly "per diems."

29.     The terms and conditions of employment that the Defendants applied to the Named Plaintiff were similarly applied to the other employees and unnamed Plaintiffs who were paid in a similar fashion for work they performed for the Defendants.

30.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice resulted in the underpayment of overtime to Plaintiff, applied and continues to apply to all class members.

## COLLECTIVE ACTION ALLEGATIONS

31.     Plaintiff and the class members performed the same or similar job duties as one another in that they provided dispatched services for Defendant.

32.     Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate of pay and they were not compensated at a rate of at least time-and-one-half their regular rate of pay for some hours worked in excess of forty (40) hours in a workweek during the time period that they were employed; therefore, the class

6

members are owed overtime wages for the same reasons as Plaintiff.

33. Defendants' failure to compensate employees properly as required by the FLSA results from a policy and/or practice of failure to ensure that its employees are paid for any overtime hours worked over forty (40) hours in a workweek.

34. These policies or practices were applicable to Plaintiff and the class members.

35. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

36. Rather, the same policies and/or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

37. Accordingly, the class members are properly defined as:

> **All individuals employed within the last three (3) years by the Defendants, who were paid a regular hourly rate and per diem without receiving overtime compensation at one-and-a-half times their regular rate, including per diems, for hours worked in excess of forty (40) during a single workweek, including but not limited to, structural welders, pipe welders, pipefitters, shipfitters, electricians, outside machinists, etc.**

38. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

39. Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

40. During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without

compensating such employees for their work at a rate of time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

41. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above.

43. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

44. Plaintiff worked well over forty (40) hours per work week.

45. Plaintiff typically worked between approximately forty-six (46) and fifty (50) hours per week.

46. Despite working more than forty (40) hours per week Defendants failed to pay Plaintiff overtime compensation at a rate of time and a half his regular rate of pay for hours worked over forty (40) hours per week.

47. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

48. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

49. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs

50. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

51. Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which the Defendant did not properly compensate him, liquidated damages, or if liquidated damages are not awarded then prejudgment and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

52. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Charles Wade, respectfully requests that judgment be entered in his favor against Defendant:

   a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

   c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiff pre-judgment interest;

   f. Ordering any other further relief the Court deems just and proper.

DATED, this the 7<u>TH</u>  day of <u>June, 2017</u>.

             Respectfully submitted,

             **PLAINTIFF, CHARLES WADE**

             *<u>s/Virginia L. LoCoco</u>*
             VIRGINIA L. LOCOCO, ESQ**.,** LA Bar #18307
             JOSEPH A. LOCOCO, ESQ., LA Bar # 17305
             LoCoco and LoCoco, PLLC
             10243 Central Avenue
             Post Office Box 6014
             D'Iberville, MS 39540
             Telephone: 228-392-3799
             Facsimile: 228-392-3890
             Email: Virginia.Lococo@lococolaw.com
             Email: Joseph.Lococo@lococolaw.com