IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES WADE, on behalf of himself                                    PLAINTIFF
and those similarly situated

V.                                                    CASE NO.: 1:17-cv-00322-LG-RHW

WORLDWIDE LABOR SUPPORT OF
ILLINOIS, INC. and WAYNE A. COOK, JR.                                 DEFENDANTS

---

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND TO DISMISS CLAIMS WITH PREJUDICE**

---

**COMES NOW**, Charles Wade, on behalf of himself and those similarly situated, and

Worldwide Labor Support of Illinois, Inc. and Wayne A. Cook, Jr. (collectively referred to as

the "Parties"), and submit their Memorandum in Support of Joint Motion for Approval of

Settlement and to Dismiss Claims with Prejudice as follows:

I.     **INTRODUCTION**

By the contemporaneously-filed joint motion, the Parties have moved this Court to

approve the settlement of the claims brought pursuant to the Fair Labor Standards Act

("FLSA") in the above-captioned matter to which the Parties and their counsel have agreed,

and to dismiss the claims with prejudice.  Pursuant to the FLSA, the "Court must approve

any settlement reached by the parties which resolves the claims in this action brought

under Section 16(b) of the Fair Labor Standards Act." *See Lynn's Food Stores v. United*

*States,* 679 F.2d 1350 (11th Cir. 1982); 29 U.S.C. §201 *et. seq.*  Because the terms of the

proposed settlement agreement are "fair and reasonable," the Parties request that this

Court grant their Joint Motion for Approval of Settlement and to Dismiss Claims with

Prejudice, all as more fully explained and set forth below.

03024501

## II.    BACKGROUND

On or about June 7, 2017, Charles Wade filed this lawsuit individually and on behalf of all similarly situated individuals working for Defendants.  He alleges that Defendants failed to pay full and proper overtime wages because Defendants mischaracterized a portion of his regular rate wages as "per diem" and miscalculated his overtime wages as a result. Defendants deny all allegations and contend that Plaintiffs were properly paid in accordance with the FLSA.

The Parties have engaged in discovery.  Defendants produced relevant payroll, time records, personnel data, and other records in connection with the evaluation and negotiation of settlement.  The Parties have each conducted an analysis of pay and time records to determine the alleged number of uncompensated hours for Plaintiffs.  From this analysis, the Parties calculated and negotiated a compromise amount to be paid to the Plaintiffs for settlement of the FLSA claims.  The Parties agree that this is a fair settlement that provides significant compensation to Plaintiffs notwithstanding the legal and factual arguments raised by Defendants.

The Parties now seek Court approval of the settlement of the claims.  The Parties wish to settle to avoid the expenses and uncertainties of trial and jointly request that the Court approve of Parties' settlement as follows:

1. The Parties have agreed to settle Plaintiffs' claims for a total common fund of $12,000.00;

2. Defendants shall pay a gross settlement amount of $7,349.77, allocated to each Plaintiff in accordance with the table, attached to the Settlement

Agreement as **EXHIBIT A**.  Said amounts will be paid in accordance with the

terms of the "Confidential[1] Receipt, Release and Settlement Agreement";[2]

3. Defendants shall also pay $4,650.23 to Plaintiffs' counsel for attorneys' fees
and costs in accordance the Settlement Agreement to Morgan & Morgan, P.A.
and a Form 1099 will be issued;

4. The Plaintiffs shall waive and release all claims that they had, have or may
have against Defendants related to their employment in writing as set forth
in the mutually agreed Confidential Settlement Agreement and Release
drafted by the Parties' counsel;

5. All claims made by Plaintiffs shall be dismissed from this action, with
prejudice; and

6. Neither the payments herein nor the Order Approving Settlement shall
constitute or shall heretofore be represented as any admission, finding,
conclusion or judgment of any violation on behalf of Defendants or liability to
Plaintiffs, or any other violation or liability whatsoever.

The Parties have had a full, informed opportunity to review and analyze all relevant
records and make the necessary individualized calculations.  Furthermore, the Parties
reviewed and analyzed the defenses asserted by Defendants.  While the Parties are not in
agreement about all inferences that might properly be drawn from such, they are confident

[1]  Although titled as "Confidential," the Settlement Agreement does not require that the parties maintain
confidentiality with regard to the settlement or the underlying claims.

[2]  Plaintiffs acknowledge and understand that the respective amount being paid to them by Defendants under the
Settlement Agreement represents full relief for all back wages, including liquidated damages, potentially owed to the
under the Fair Labor Standards Act.

03024501                                     3

that continued litigation of this case would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.

Defendants deny any liability whatsoever, but the Parties recognize that these claims would require the Parties to incur substantial fees and costs to litigate to final judgment and that a "take nothing" judgment by jury trial would be uncertain.  Plaintiffs and Defendants share concerns about litigation costs and the uncertainty of a favorable jury verdict.  Charles Wade believes that the amount he and Opt-In Plaintiffs will receive pursuant to this settlement reflects a substantial portion of or actually more than what they expect to recover if they were to prevail at trial.  Accordingly, the Parties jointly move this Court to approve settlement of this action.

## III.   APPROVAL OF THE SETTLEMENT AND ATTORNEY'S FEES IS APPROPRIATE

FLSA claims may be compromised, *inter alia*, (1) when the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor; and (2) when a district court approves the settlement.  29 U.S.C. §216(b); *Lynn's Food Stores, supra,* 679 F.2d at 1352.  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

03024501                                                        4

*Id.* at 1354.   Therefore, the Parties jointly move this Court to examine their proposed settlement agreed to after arm's-length negotiations, to approve the proposed settlement as fair and reasonable, and to enter the agreed-to Approval Order.

### A.  The Proposed Settlement is Reasonable.

The proposed Settlement represents a fair and reasonable compromise over the issues in dispute.   The proposed Settlement arises out of an action brought by the Plaintiffs against their employer, which was adversarial in nature.   During the litigation and settlement of this action, Plaintiffs and Defendants were vigorously represented by counsel experienced in FLSA litigation.   After sufficient discovery and ample investigation and analyses, all counsel agree that settlement is in their clients' best interests.

Under the proposed method of distribution, Plaintiffs will receive a share of the total settlement amount after consideration of the hours previously worked, available defenses and potential damages.   A portion of the settlement amount due to Plaintiffs is designated as wages and subject to applicable income and payroll taxes and withholding.   The remaining portion is designated as damages and not subject to any taxes or withholdings. As such, the proposed settlement is reasonable.

### B.  The Terms of the Proposed Settlement are Fair and the Product of Arm's Length Negotiations.

The Parties agree that the instant action involves disputed issues.   The Parties have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appellate review.   As a consequence of their investigation and analyses, Plaintiff's' counsel has engaged in intensive arm's length negotiations with counsel for Defendants with a view to

achieving settlement.  As a result of their negotiations, all Parties have mutually agreed on a settlement of the claims.

### i.  *Sufficient Discovery has been Conducted.*

As stated above, the Parties have conducted discovery as it specifically relates to Plaintiffs. The Parties have also conducted an independent investigation of the facts and law throughout this action, and a thorough examination of Defendants' records.  Further, counsel for Plaintiffs and Defendants have analyzed the applicable law as applied to the facts discovered regarding Plaintiffs' allegations, Defendants' defenses thereto, and the damages claimed by Plaintiffs.  Counsel for the Parties only entertained settlement possibilities after they possessed sufficient information to make an informed judgment regarding the likelihood of success on the merits and the results that could be obtained through further litigation.

### ii.  *Continued Litigation would be Costly, Long and Complex.*

The fairness of the proposed settlement is still more clearly appreciated when considered in light of Defendants' defenses and the possibility of Plaintiffs being unable to prove liability.  Although Defendants have contested the allegations in this action to date and deny that they committed any wrongful action or violation of law, they believe nonetheless that further litigation with respect to Plaintiffs would be protracted, expensive, and contrary to their best interests.  The proposed Settlement is the product of serious, informed and non-collusive negotiations.  Defendants have continued to deny any wrongdoing or legal liability arising out of the conduct alleged in this action. Notwithstanding, Defendants have concluded that it is desirable that this action be settled in the manner and upon the terms and conditions set forth above in order to avoid the

expense, inconvenience, and burden of further legal proceedings, and the uncertainties of continued motion practice and a potential trial and appeals.

Plaintiffs' counsel recognizes the expense and length of a trial in this action against Defendants through possible appeals, which could take several years. They have also taken into account the time already invested in this case, the uncertain outcome and risk of litigation, especially in statutory actions such as this. Plaintiffs' counsel believes that the settlement confers substantial immediate benefits upon Plaintiffs. In negotiating the settlement, counsel had the benefit of broad, independently verified information regarding the Plaintiffs' claims. Based upon their evaluation, Plaintiffs and Plaintiffs' counsel have determined that the settlement is in the best interest of Plaintiffs.

Settlements of disputes are favored in the law to bring finality and to conserve judicial resources. Thus, avoidance of this unnecessary expenditure of time and resources clearly benefits all Parties.

### C.  The Proposed Settlement Resolves a *Bona Fide* Dispute.

Numerous matters are currently in dispute, including whether Plaintiffs were entitled to overtime compensation, whether Defendants acted in good faith with respect to the treatment of Plaintiffs for FLSA purposes, whether the alleged violation was negligent and whether Defendants maintained accurate records. Among other things, Defendants deny that they violated the FLSA or that they acted willfully, and Plaintiffs recognize that this determination is a fact-intensive one that could be decided by summary judgment or at trial. Counsel has vigorously represented their respective clients over these disputes. Now, for the reasons stated above, the Parties desire to enter into the proposed settlement. The

settlement is fair and reasonable and ends the ongoing dispute between these Parties without the need for a trial.

### D. Plaintiff's Request for Attorneys' Fees and Costs is Reasonable.

Plaintiffs are entitled to recover their attorney's fees and costs for their claims for overtime pay. *See, e.g.*, 29 U.S.C. § 216(b). Plaintiffs' Counsel believes that the Settlement Agreement's provision concerning attorney's fees is fair and reasonable, as the Parties have agreed to attorney's fees in the amount of thirty-five percent (35%) of the gross settlement amount and reimbursement for expenses/costs. As many courts have noted, the "customary contingency" for this type of litigation is "35 to 40 percent." *Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001).[3]

## IV.  RELEASE PROVISIONS

Each Plaintiff will be bound by the final Approval Order and judgment, as well as the releases set forth in the Settlement Agreement. The parties ask that this Court find that the consent forms signed by each Plaintiff contractually bind each of them to this Settlement Agreement and the Court's order approving same. Each Plaintiff is only releasing the claims in the Litigation or that would reasonably arise out of the acts alleged in the Litigation.

## V.  CONCLUSION

In sum, there has been an investigation, followed by hard-fought negotiations, culminating with experienced counsel on both sides weighing the benefits and costs of the

---

[3] In this market, fees of 33-40% are commonplace. *See, e.g., Pastorius v. Lowe's Home Centers, Inc.*, Case No. G-11-307 (S.D. Tex. June 5, 2012) (Costa, J.) (33%); *Castilla v. Fogo de Chao*, Case No. H-08-869 (S.D. Tex. Oct. 3, 2008) (Smith, MJ) (33%); *Skadowski v. KBR Tech. Servs., Inc.,* Case No. 4:05-cv-4124 (S.D. Tex. Aug. 25, 2006) (40%); *Garcia v. Maintenance, Inc.*, Case No. 05-cv-03924 (S.D. Tex. June 16, 2006) (Gilmore, J.) (40%).

present settlement against the risks and rewards of future litigation. Accordingly, for the reasons stated herein, Plaintiff and Defendants respectfully request that the Court grant approval of the settlement and dismiss all claims with prejudice, as set forth in the proposed Approval Order, on the terms set forth in the Confidential Settlement Agreement and Release negotiated by Counsel for the Parties.

WHEREFORE, for the reasons stated above and in the Joint Motion to Approve Settlement and to Dismiss Claims with Prejudice, Plaintiff, Charles Wade, on behalf of himself and those similarly situated, and Defendants, Worldwide Labor Support of Illinois, Inc. and Wayne A. Cook, Jr. move this Court to approve the settlement of all claims and enter a dismissal of said claims with prejudice.

DATED: July 17, 2018.

Respectfully Submitted,

*/s/ Christopher W. Espy*
CHRISTOPHER W. ESPY

Christopher W. Espy, Esq.
MORGAN & MORGAN, PLLC
(MS Bar No. 102424)
4450 Old Canton Road, Suite 200
Jackson, Mississippi 39211
Tel:    601-718-2087
Fax:    601-718-2102
Email: cespy@forthepeople.com
*Attorney for Plaintiffs*

*/s/ Stephen J. Carmody*
STEPHEN J. CARMODY, ESQ.

Stephen J. Carmody, Esq.
BRUNINI GRANTHAM GROWER
& HEWES, PLLC
The Pinnacle Building, Suite 100
190 E. Capitol Street
P.O. Drawer 119
Jackson, MS 39205-0119
Tel:    601-948-3101
Fax:    601-960-6902
Email: scarmody@brunini.com
        tbrown@brunini.com
        llawhorn@brunini.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Christopher W. Espy, do hereby certify that I have electronically filed a Notice of Service of the foregoing document with the Clerk of the Court using the online ECF system, which I understand will send a Notice of Electronic Filing to the following:

> Stephen J. Carmody, Esq.
> Tammye C. Brown, Esq.
> Lauren O. Lawhorn, Esq.
> BRUNINI GRANTHAM GROWER & HEWES, PLLC
> The Pinnacle Building, Suite 100
> 190 E. Capitol Street
> P.O. Drawer 119
> Jackson, MS 39205-0119
> Tel:      601-948-3101
> Fax:      601-960-6902
> E-mail:   scarmody@brunini.com
>           tbrown@brunini.com
>           llawhorn@brunini.com

*Attorneys for Defendants:    Worldwide Labor Support of Illinois, Inc.*
*                            Wayne A. Cook, Jr.*

I also certify that on this 17th day of July, 2018, that I have served a copy of the forgoing document upon the above-named counsel of record via email.

                            */s/ Christopher W. Espy*
                            CHRISTOPHER W. ESPY

03024501                    10